Case 9:07-cv-80834-JIC Document 1 Entered on FLSD Docket 09/11/2007 Page 1 of 15

FILED by BB D.C.
ELECTRONIC

September 11, 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH
Case No. _____-CIV

07-80834-Civ-Cohn/Seltzer

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br>1200 K Street, N.W.<br>Washington, D.C. 20005-4026<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT MARK ENTERPRISES, INC.,<br>as Plan Administrator for the Robert Mark<br>Enterprises, Inc. Pension Trust<br>22453 SW 66th Avenue, Suite 116<br>Boca Raton, Florida 33428<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.   This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2000 & Supp. IV 2004). Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), brings this action, pursuant to 29 U.S.C. §§ 1342 and 1348(a), seeking a decree (a) adjudicating that the Robert Mark Enterprises, Inc. Pension Trust ("Pension Plan") is terminated; (b) appointing PBGC as statutory trustee of the Pension Plan; (c) establishing August 11, 2004, as the termination date of the Pension Plan; and (d) requiring that the defendant and any other person or entity having possession, custody or control of any of the records, assets, property, and documents relating to the Pension Plan transfer, convey and deliver all such records, assets, property and documents to PBGC.

## Jurisdiction and Venue

2.  This Court has exclusive jurisdiction over this action, under 29 U.S.C. §§ 1342(c) and 1342(f), and has jurisdiction without regard to the amount in controversy, under 29 U.S.C. § 1303(e)(3).

3.  Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## Parties

4.  Plaintiff PBGC is a wholly-owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program created under Title IV of ERISA. When an underfunded pension plan terminates, PBGC pays statutorily guaranteed pension benefits to plan participants. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

5.  Defendant Robert Mark Enterprises, Inc. ("Robert Mark Enterprises") formerly was an advertising, sales, and marketing services corporation.

6.  Upon information and belief, Robert Mark Enterprises was formed under the laws of New York, with its principal place of business located in Boca Raton, Florida.

7.  Upon information and belief, Roger P. Cruz ("Cruz") was the sole owner and president of Robert Mark Enterprises.

8.  Upon information and belief, Robert Mark Enterprises was the plan sponsor of the Pension Plan, as defined by 29 U.S.C. § 1002(16)(B), and the Plan Administrator of the Pension Plan, as defined by 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1).

2

### The Pension Plan

9. The Pension Plan is a single employer defined benefit pension plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

10. Upon information and belief, effective July 1, 1984, Robert Mark Enterprises established the Pension Plan to provide retirement benefits for certain of its employees.

11. Upon information and belief, the Pension Plan was administered in Boca Raton, Florida.

12. Upon information and belief, the Pension Plan has about nine (9) participants ("Pension Plan Participants").

13. Upon information and belief, on or about August 11, 2004, Cruz died.

14. Upon information and belief, all Robert Mark Enterprises operations ceased on or about August 11, 2004, all employees were terminated, and the Pension Plan was abandoned.

### Termination and Trusteeship of the Pension Plan

15. A primary purpose of Title IV of ERISA, to be carried out by PBGC, is providing for the timely and uninterrupted payment of pension benefits to participants and beneficiaries. 29 U.S.C. § 1302(a)(2).

16. PBGC is authorized to apply to a United States District Court for an order terminating a pension plan covered under Title IV of ERISA if it determines, pursuant to 29 U.S.C. § 1342(a)(2), that the plan will be unable to pay benefits when due under the terms of the Pension Plan.

17. On March 6, 2007, in accordance with 29 U.S.C. § 1342(c), PBGC issued a

3

Notice of Determination (the "Robert Mark Enterprises Notice") to Robert Mark Enterprises, as Plan Administrator of the Pension Plan, that PBGC has determined that the Pension Plan will be unable to pay benefits when due under the terms of the Pension Plan. 29 U.S.C. § 1342(a)(2).

18. The Robert Mark Enterprises Notice stated that PBGC has determined under 29 U.S.C. § 1342(c) that the Pension Plan must be terminated to protect the interests of Pension Plan Participants.

19. The Robert Mark Enterprises Notice also stated that PBGC intended to proceed pursuant to 29 U.S.C. § 1342 to have the Pension Plan terminated and PBGC appointed statutory trustee of the Pension Plan, and to have August 11, 2004, established as the termination date of the Pension Plan, pursuant to 29 U.S.C. § 1348.

20. By letter dated March 6, 2007, PBGC notified Robert Mark Enterprises, as Pension Plan Administrator of the Pension Plan, of PBGC's determination by sending a copy of the Robert Mark Enterprises Notice. A copy of the cover letter to Robert Mark Enterprises, with the attached Robert Mark Enterprises Notice and trusteeship agreement ("Trusteeship Agreement"), is attached hereto as Exhibit A and incorporated by reference herein.

21. Under 29 U.S.C. § 1342(c), a Plan Administrator and PBGC may agree to terminate a plan and to appoint a statutory trustee without judicial proceeding; Robert Mark Enterprises has not signed a Trusteeship Agreement with PBGC to terminate the Pension Plan and appoint PBGC as statutory trustee of the Pension Plan.

22. A district court may grant the relief sought and appoint PBGC as statutory trustee if the termination is necessary to protect the interests of the plan participants. 29 U.S.C.

4

§ 1342(c).

23.     A district court is authorized to establish the termination date of a pension plan under 29 U.S.C. § 1348(a)(4).

## **Relief Requested**

24.     PBGC repeats and re-alleges paragraphs 1 through 23.

25.     PBGC has determined, pursuant to 29 U.S.C. § 1342(a)(2), that the Pension Plan will be unable to pay benefits when due under the terms of the Pension Plan.

26.     PBGC has determined, pursuant to 29 U.S.C. § 1342(c), that termination of the Pension Plan is necessary to protect the interests of Pension Plan participants.

27.     After PBGC determines that a pension plan must be terminated, 29 U.S.C. § 1342(c) provides that a district court may order the termination of a pension plan to protect the interests of the plan's participants and may appoint a trustee for a plan upon a decree of termination.

28.     PBGC is ready, willing and able to serve as statutory trustee of the Pension Plan. If appointed as statutory trustee of the terminated Pension Plan, PBGC will pay benefits under the Pension Plan in accordance with the provisions of Title IV of ERISA, and will fulfill all obligations of a statutory trustee under 29 U.S.C. § 1342(c).

29.     A termination date of August 11, 2004, is appropriate because as of that date all Robert Mark Enterprises operations ceased, all employees were terminated, and the Pension Plan's participants no longer had any reasonable expectations of the Pension Plan's continuing.

30.     Under 29 U.S.C. § 1342(d), the statutory trustee appointed by the court is

5

authorized, among other things, to manage the assets of the pension plan. In order to carry out its statutory duties with respect to the pension plan, the trustee appointed by the court must receive all documents relating to the pension plan and any remaining assets of the pension plan.

WHEREFORE, PBGC respectfully requests that the Court grant judgment and issue an Order granting the following relief:

1. Adjudicating that the Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing August 11, 2004, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Ordering Robert Mark Enterprises, its agents, and all other persons or entities having possession, custody, or control of any records, assets, or other property of the Pension Plan and any documents required to determine the benefits payable to participants of the Pension Plan, to transfer, convey, and deliver all such records, assets, property, and documents to PBGC pursuant to 29 U.S.C. § 1342(d)(1); and

5. Grant any and all other relief that this Court deems just and proper.

Dated: September 10, 2007
Washington, D.C.

Respectfully submitted,

*Kimberly E. Neureiter*
_____
ISRAEL GOLDOWITZ (DC Bar No. 291120)
Chief Counsel
KAREN L. MORRIS (DC Bar No. 419786)
Deputy Chief Counsel
JAMES L. EGGEMAN (VA Bar No. 37101)
Assistant Chief Counsel
KIMBERLY E. NEUREITER (FL Bar No. A5501141)
Attorney (Lead Counsel and Counsel Designated to Receive Notices)
*Attorneys for Plaintiff*

PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3581
Facsimile: (202) 326-4112
E-mails: neureiter.kimberly@pbgc.gov and efile@pbgc.gov

7

# EXHIBIT A



**PBGC**
Protecting America's Pensions

**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

MAR 6 2007

Robert Mark Enterprises, Inc.
22453 SW 66 Avenue, Suite 116
Boca Raton, FL 33428

EIN/PN: 132950454 / 001
PBGC Case Number: 20531200
Plan Name: Robert Mark Enterprises, Inc. Pension Plan

Dear Luther Gatling:

Enclosed is the Notice of Determination ("NOD") issued by the Pension Benefit Guaranty Corporation that the above-referenced pension plan (the "Plan") should be terminated under the Employee Retirement Income Security Act of 1974 ("ERISA"). As the NOD states, PBGC is proceeding to have the Plan terminated, to have PBGC appointed as the Plan's trustee, and to have August 11, 2004, established as the Plan termination date.

Termination and PBGC trusteeship can be accomplished either: (1) by agreement between PBGC and the Plan Administrator, or (2) by order of a United States District Court. We would prefer to terminate the Plan by agreement in order to avoid the expense and delay of litigation.

Therefore, enclosed for your signature are three originals of an Agreement for Appointment of Trustee and Termination of Pension Plan. This Agreement terminates the Plan, names PBGC statutory trustee of the Plan, and establishes a termination date of August 11, 2004. Please sign the three original Agreements and return them to PBGC in the enclosed self-addressed, stamped envelope within 30 days of the receipt of this letter.

PBGC will then execute the Agreements and return a fully executed copy to you. If we do not receive the signed Agreements within 30 days of the receipt of this letter, this matter will be referred to our Office of the Chief Counsel for commencement of court proceedings.

Robert Mark Enterprises, Inc.
Page 2 of 2

Please contact me if you have any questions with regard to this matter. In any correspondence, please provide the PBGC Case Number (listed at the top of this letter) and a day-time telephone number.

Sincerely,

*Jennifer Messina*

Jennifer Messina
Department of Insurance Supervision and Compliance
(202) 326-4000 ext 3209

Enclosures



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions    1200 K Street, N.W., Washington, D.C. 20005-4026

MAR 6 2007

Robert Mark Enterprises, Inc.          EIN/PN: 132950454 / 001
22453 SW 66 Avenue, Suite 116          PBGC Case Number: 20531200
Boca Raton, FL 33428                   Plan Name: Robert Mark Enterprises, Inc.
                                       Pension Plan

### NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined under section 4042(a)(2) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a)(2) that the Robert Mark Enterprises, Inc. Pension Plan ("Plan") will be unable to pay benefits when due. PBGC has further determined, under ERISA § 4042(c), 29 U.S.C. § 1342(c), that the Plan must be terminated in order to protect the interests of the Plan's participants. Accordingly, PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have the Plan terminated and PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have August 11, 2004 established as the Plan's termination date.

PBGC has completed its decision-making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

*[signature]*

WILLIAM B. HULTENG, Chairman
Trusteeship Working Group

## AGREEMENT FOR APPOINTMENT OF
## TRUSTEE AND TERMINATION OF PLAN

This is an AGREEMENT between the Pension Benefit Guaranty Corporation ("PBGC") and Robert Mark Enterprises, Inc.

## RECITALS:

A.   PBGC is a United States government agency established by Title IV of the Employee Retirement Income Security Act of 1974, *as amended,* 29 U.S.C. §§1301-1461 ("ERISA").

B.   Robert Mark Enterprises, Inc. ("Company") is a Corporation organized under the laws of New York, with its principal place of business located in New York, then moved to Boca Raton, FL.

C.   Effective July 1, 1984, the Company established the Robert Mark Enterprises, Inc. Pension Plan ("Plan") to provide retirement benefits for certain of its employees.

D.   The Plan is an employee pension benefit plan to which 29 U.S.C. § 1321(a) applies and is not exempt under 29 U.S.C. § 1321(b). The Plan is therefore covered by Title IV of ERISA.

E.   Robert Mark Enterprises, Inc. is the administrator of the Plan within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1).

F.   On August 11, 2004 all operations ceased and all employees were terminated.

G.   On August 11, 2004, the Company was a contributing sponsor of the Plan within the meaning of 29 U.S.C. § 1301(a)(13).

H.   PBGC has issued to the Company a Notice of Determination under 29 U.S.C. § 1342(a) that the Plan will be unable to pay benefits when due, and that the Plan should be terminated under 29 U.S.C. § 1342(c).

**NOW THEREFORE, the parties agree:**

1.   The Plan is terminated under 29 U.S.C. § 1342(c).

2.   The Plan termination date is August 11, 2004, under 29 U.S.C. § 1348.

3.   PBGC is appointed trustee of the Plan under 29 U.S.C. § 1342 (c).

4.   Robert Mark Enterprises, Inc. and any other person having possession or control of any records, assets or other property of the Plan shall convey and deliver to PBGC any such records, assets or property.

5.   PBGC will have, with respect to the Plan, all of the rights and powers of a trustee specified in ERISA or otherwise granted by law.

The persons signing this Agreement are authorized to do so. The Agreement will take effect on the date the last person signs below.

**Robert Mark Enterprises, Inc.**

Dated: _____  By: _____
                           Roger P. Cruz
                           President

**PENSION BENEFIT GUARANTY CORPORATION**

Dated: _____  By: _____
                           Auditor

JS 44 (Rev. 11/05)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Pension Benefit Guaranty Corporation - a U.S. Government Agency

### DEFENDANTS
Robert Mark Enterprises, Inc., as Plan Administrator for the Robert Mark Enterprises, Inc. Pension Trust

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Boca Raton**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kimberly E. Neureiter
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Handwritten: 07CV80834 JIC/BSS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Termination and Trusteeship of Pension Plan.
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: *Kimberly Neureiter* (signature)
DATE 9/5/07

**FOR OFFICE USE ONLY**
AMOUNT _____ RECEIPT # _____ IFP _____